STATE BANK & TRUST CO. *v.* NASHVILLE TRUST CO.

(*Nashville.* December Term, 1917.)

1. **CERTIORARI. Time for petition.**

Under Thompson's Shannon's Code, section 6321a2, providing that *certiorari* to review judgment of the court of civil appeals shall not be issued after ninety days from final judgment of such court, the statutory period runs from the date of the denial of the first petition for rehearing. (*Post, pp.* 473, 474.)

Code cited and construed: Sec. 6321a2 (T.-S.).

2. **CERTIORARI. Time for petition.**

Since a second petition for rehearing by the same party is not recognized by the rules of the appellate courts, such petition, when denied, cannot be availed of to extend the ninety-day period within which writ of *certiorari* to review the judgment must be applied for. (*Post, p.* 474.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—A. G. RUTHERFORD, Judge.

T. G. EWING, for Hattie Parks.

H. A. LUCK, MCCARLEY & STEPHENSON and JORDAN STOKES, SR., for Nashville Trust Co.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The question for decision is whether the petition for *certiorari* to review the judgment of the court of civil appeals adverse to petitioner was filed within the period of ninety days allowed by statute for such filing.

By Thompson's Shannon's Code, section 6321a2, it is provided that such *certiorari* shall not be issued after the lapse of ninety days from the final decree or judgment of the court of civil appeals.

The court of civil appeals dismissed the appeal and affirmed the judgment of the circuit court on October 18, 1917.

A petition to rehear was filed, and denied on November 5, 1917.

A second petition to rehear was filed in that court on November 5, 1917, and denied by minute entry of date January 22, 1918.

The insistence of the petitioner is that the last-mentioned entry constituted the final judgment of the court of civil appeals, and that the ninety days began to run from that date.

(a) We hold that the statutory period ran from the date of the denial of the first petition to rehear —November 5, 1917. The petition for *certiorari* was not presented to this court until March 13, 1918, and it came too late.

(b) A second petition to rehear, denied by the court, cannot be availed of to extend the ninety-day period. If so a third and fourth petition could be resorted to, resulting in indefinite delays. A second petition to rehear by the same party is not recognized by the rules of the appellate courts.

We do not mean to indicate that, should the court of civil appeals grant a petition to rehear and rehear the cause, its disposition thereof might not be the final disposition or judgment, within the meaning of the statute.

We do not pass on the further question as to the running of the statutory limitation against a party adversely affected by a ruling on a petition to rehear where the court reverses its former ruling and grants relief as prayed in the petition to rehear. The petition of such other party might be treated as his first petition to rehear under (a) above.

Writ denied.